This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38276

**THE JOSEPH AND ALMA MILLER
REVOCABLE TRUST,**

Petitioner-Appellant,

v.

**ELDORADO AREA WATER AND
SANITATION DISTRICT, a governmental
subdivision of the STATE OF NEW MEXICO;
JOHN DOES I; JOHN DOE II; and JOHN
DOE III,**

Respondents-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY
Francis J. Mathew, District Judge**

VanAmberg, Rogers, Yepa, Abeita, Gomez & Wilkinson, LLP
Ronald J. VanAmberg
Santa Fe, NM

for Appellant

Law & Resource Planning Associates, A Professional Corporation
Charles T. DuMars
Tanya L. Scott
Albuquerque, NM

for Appellee Eldorado Area Water and Sanitation District

## MEMORANDUM OPINION

**IVES, Judge.**

**{1}** The district court granted summary judgment against the Joseph and Alma Miller Revocable Trust (Appellant) on its declaratory judgment claim against the Eldorado

Area Water and Sanitation District (Appellee). Appellant contends that the district court erred in concluding that, under the unambiguous terms of development agreements entered into by the parties in 2008,[1] Appellant did not retain a right to fifty fee-free water taps under a 2007 settlement agreement. Reviewing the entry of summary judgment de novo under New Mexico's established Rule 1-056 NMRA framework, *see Smith v. Durden*, 2012-NMSC-010, ¶ 5, 276 P.3d 943, we affirm.

{2}     In its order, the district court reasoned that "[a] party may be estopped to deny the truth of recitals in a contract." *See generally* Restatement (Second) of Contracts § 218 cmt. c (1981); 31 C.J.S. *Estoppel & Waiver* §§ 70-73 (2021). This rationale demonstrates that the district court interpreted the phrase "has taken advantage of" in the pertinent sentence of the 2008 agreement to be a factual statement that Appellee had performed its obligation to provide Appellant with the fifty fee-free taps at issue on appeal—to be, as Appellee puts it, an "acknowledg[ment]" that Appellant "received the full benefit of any bargain it reached with [Appellee] or its predecessor-in-interest[.]" Appellant nowhere develops an argument aimed at demonstrating error in the district court's conclusion that, as a matter of law, Appellant could not deny that any factual statements to this effect in the agreement were true.

{3}     Instead, Appellant contends that the language of the parties' 2008 agreement is ambiguous because it could reasonably be read to provide that Appellant "has taken advantage of" the taps at issue "by banking those [taps] for future use." We disagree. Contract language is ambiguous only if it is "reasonably and fairly susceptible of different constructions," *Mark V, Inc. v. Mellekas*, 1993-NMSC-001, ¶ 12, 114 N.M. 778, 845 P.2d 1232, but the only reasonable way to read the recitals in the 2008 agreement is as providing that Appellee has performed its obligation to provide Appellant with the fee-free taps at issue. The sentence of the 2008 agreement on which Appellant relies begins with the word "[t]hus," implying a relationship between Appellant's entitlement to the seven fee-free taps to which the preceding sentence refers, and the statement that Appellant "has taken advantage of" all fifty-seven taps provided for by the 2007 settlement. Another recital in the 2008 agreement provides that seven of the taps provided for by the settlement "are included" in the agreement and that Appellant "shall no longer be entitled to make use of" any fee-free taps under the settlement. And the last sentence of the 2008 agreement indicates that all of Appellee's obligations to Appellant "under the 2007 Settlement" are "fulfill[ed]." Since the 2008 agreement provides that Appellee's obligations under the 2007 settlement agreement are "fulfill[ed]" notwithstanding that only seven of the fifty-seven taps it required Appellee to provide are "included" in the 2008 agreement, it follows that Appellant "has taken advantage of" the remaining taps by receiving the performance it was owed by Appellee.

---

1The three 2008 development agreements regarding Cimarron Village, Tierra Bello, and Spirit Wind West, which indicate that they were executed on the same date, each contain an integration clause providing that each agreement is the "entire agreement of the [p]arties." Although our analysis rests on the provisions of the Cimarron Village agreement, we treat all three agreements, like the district court did, as though they were a single contract. *See Espinosa v. United of Omaha Life Ins. Co.*, 2006-NMCA-075, ¶ 15, 139 N.M. 691, 137 P.3d 631.

**{4}** Because we have concluded that the district court correctly concluded that the language of the 2008 agreement is unambiguous and correctly interpreted that language, it is unnecessary to address the remaining arguments raised by Appellant.

**CONCLUSION**

**{5}** We affirm.

**{6}** **IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**GERALD E. BACA, Judge**